In the Matter of the Claim of ALBERT MELON, Appellant, against NATIONAL ANILINE AND CHEMICAL COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion denied, on the ground there is no proof of a meritorious claim. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of JOHN PYTEL, Respondent, against CARBORUNDUM COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ. [See ante, p. 832.]

In the Matter of the Claim of PEARL RICHER, Respondent, against GLOBE FORGE & FOUNDRIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits to a widow. The evidence sustains the finding that decedent suffered an accident arising out of and in the course of his employment, from which he died. At a hearing the carrier conceded that decedent was found on the premises of the employer with an injury from which he died, and further, "The Referee: In other words, then, you will concede an unwitnessed accident? The Carrier: That is right." The respondent and decedent were married in 1938 following claimant's Mexican divorce and resided together as man and wife until he suffered the injury from which he died. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan and Russell, JJ., concur; Brewster, J., dissents in the following memorandum in which Foster, J., concurs: The decision and award appealed from should be reversed and the claim dismissed upon the ground that there is no evidence to oppose the proof that claimant had not been legally divorced from her surviving husband when she was married to deceased. The presumption as to the validity of her second marriage was overcome by the uncontradicted evidence that neither she nor her first husband ever gained a residence in, and that neither of them was ever physically present within, the jurisdiction of the Republic of Mexico, wherein, while both were residents of this State, they arranged for a so-called "mail order" divorce.